**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KIERAN SMYTH, AKA Kieran James, AKA Chris Storm, | No.   19-71006 |
| Petitioner, | Agency No. A200-963-579 |
| v. | MEMORANDUM[*] |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 16, 2020[**]
San Francisco, California

Before:  IKUTA and HURWITZ, Circuit Judges, and TAGLE,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Hilda G. Tagle, United States District Judge for the Southern District of Texas, sitting by designation.

Kieran Smyth petitions for review of the Board of Immigration Appeals (BIA) order denying his claims for statutory withholding of removal and protection under the Convention Against Torture (CAT). We deny the petition for review.

Smyth's appeal of the agency's denial of withholding of removal fails because the record does not compel the conclusion that the U.K. government is "unable or unwilling" to control his alleged persecutors. *Rahimzadeh v. Holder*, 613 F.3d 916, 921–23 (9th Cir. 2010). Smyth argues that he was persecuted by people affiliated with the Irish Republican Army (IRA), but the record contains no evidence that U.K. authorities would fail to respond if Smyth sought protection. *See id.* at 923. Smyth did not tell the authorities about the one incident of alleged persecution that occurred in the U.K., when he was grazed by bullets shot from a passing motorcycle by one or more persons he suspects were connected with the IRA. (The other incidents of alleged persecution occurred in Ireland). Nor did he claim that reporting the incident would have been futile. During immigration proceedings, Smyth did not present evidence showing that persecution by the IRA is widespread and well-known but ignored by the U.K. government. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1066 (9th Cir. 2017) (en banc). Because the record does not compel the conclusion that the U.K. government is unable or unwilling to control Smyth's persecutors, his claim for withholding of removal

2

fails, and there is no need to consider whether Smyth was persecuted on account of his political opinion or membership in a cognizable particular social group.

Smyth's appeal of the agency's denial of CAT relief likewise fails because the record does not compel the conclusion that Smyth will "more likely than not" be tortured in the U.K. "by or at the instigation of or with the consent or acquiescence of" a government official. 8 C.F.R. §§ 208.16(c)(2), 208.18(a)(1). Nothing in the record indicates that U.K. officials would fail to intervene if made aware that members of the IRA were going to torture Smyth. *See* 8 C.F.R. § 208.18(a)(7). The panel lacks jurisdiction to consider Smyth's extra-record information regarding his interactions with the U.K. consulate. 8 U.S.C. § 1252(b)(4)(A).

**PETITION FOR REVIEW DENIED.**